OPINION OF THE COURT — by the
Hon. J. BLACK.
The bill filed in this case states that the complainants are the sureties of John Hankinson, deceased, in a bond given by them, in the usual form, with said Hankinson as administrator of the estate of Thomas Nixon deceased; that Hankinson, in his life time, collected a debt due the estate of Nixon, by receiving a check on the bank of the state .of Mississippi, for 2,400 dollars, the amount of the debt which was entered on the books of the bank to the general credit of Hankinson, by mistake, whereas it should have been entered in such way as to designate it as pari of Nixon’s estate; that Hankinson afterwards died insolvent, and that this sum still remains in bank.
The prayer of the bill is that the officers of the bank may be enjoined from paying over the money to the administrators of Hankinson, and for general relief.
The answer denies that the entry in the books of the bank of this check of2,400 dollars was fay mistake, but insists that the entry was a proper one, and that the money belongs to the general estate of Mr. Hankinson for the satisfaction of creditors, and that the money for the check was actually received by Mr. Hankinson, in his life time, from the bank, and expended.
*488 It is unnecessary to look to the evidence, as to the point upon which we determine this case, as it arises on the bill itself. This bill is filed by Hankinson’s sureties, in the administration bond given by him for the administration of Nixon’s estate, in the nature of a bill quia timet, to prevent them Atom sustaining injury by the payment of this money to Hankin--son’s administrators.
In a bill of this description, it is necessary that sufficient should be stated and proved, to satisfy the court of chancery that the parties stand in a sit-1 uation in which they will be damnified in the event of the act being done, for the prevention of which they pray the interposition of the court. Have the complainants stated in their bill, or shown, such circumstances? For anything which appears on the bill, or in the proofs, Hankinson is not indebted on account of his administration of the estate of Nixon; and tne estate is indebted to him on a general settlement, in a greater amount than this check of 2,400 dollars. If that be the case, how can his sureties in the administration bond suffer? With what propriety can the court, under such circumstances, decree that the officers of the bank shall pay over .this money to the administrator de bonis non ofNixon, when it may, in fact, be due to Hankinson’s estate?
Whether the court would, on proper allegations in a bill, and proofs, consider this as part of Nixon’s estate, and stop it in transitu, it is unnecessary now to determine. Injunction dissolved, and bill dismissed.
All the judges concurred.